## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

JONATHAN MICHEL RUTTLEY                                      PLAINTIFF

v.                                    CIVIL ACTION NO. 3:22-cv-731-CWR-LGI

LAUDERDALE COUNTY,
OFFICER JAMES MOSLEY, and
CAPTAIN BRIAN FORTENBERRY                                    DEFENDANTS

### REPORT AND RECOMMENDATION

This case is before the Court sua sponte for consideration of dismissal. Having considered the record and the applicable law, the undersigned recommends that this civil action be dismissed, without prejudice, for Plaintiff's failure to prosecute.

### I.  BACKGROUND

On December 19, 2022, pro se Plaintiff Jonathan Michel Ruttley ("Plaintiff") filed this civil action pursuant to 42 U.S.C. § 1983, when he was incarcerated at the Lauderdale County Detention Center in Meridian, Mississippi. *See* Compl. [1]. Plaintiff is proceeding *in forma pauperis, see* Order [6], and his Complaint is subject to screening under the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(h).

On the same day Plaintiff filed this civil action, the Clerk of Court sent Plaintiff a Notice of Assignment [1-2] informing Plaintiff of his obligation to notify the Court of any changes to his address and explaining in detail how to do so. The Notice [1-2] also warned Plaintiff that a failure to comply with any Order of the Court or a failure to notify the Court of a change of address may result in the dismissal of this case.

On July 21, 2023, Defendants Lauderdale County and Brian Fortenberry filed their Answer [17] to Plaintiff's Complaint. On December 4, 2023, Defendant James Mosley filed his Answer [21].

On January 3, 2024, the undersigned entered an Order Setting Omnibus Hearing [24], setting a hearing for February 21, 2024, at 10:30 AM.[1] The Court ordered the parties to appear for the hearing in Courtroom 6D of the Thad Cochran United States Courthouse, 501 E. Court Street, Jackson, Mississippi 39201. On January 26, 2024, the undersigned entered an Order [27] directing the Clerk of Court to issue a writ of habeas corpus ad testificandum requiring the Superintendent of Lauderdale County Detention Center to transport Plaintiff to the Courthouse for the hearing and on the same day the Clerk issued the writ. *See* Writ of Habeas Corpus Ad Testificandum [28]; Order [27].

The Clerk of Court mailed copies of the Order Setting Omnibus Hearing [24] and the Order [27] issuing the writ to Plaintiff at his address of record. Both were returned by the postal service as undeliverable. *See* Ret. Mail [29]; Ret. Mail [25]. On February 9, 2024, defense counsel file a Motion [30] to extend the exhaustion motion deadline wherein he also represented that Plaintiff was released from the Lauderdale County Detention Center on October 8, 2023. *See* Release Report, Ex. A [30-1] at 1; Mot. [30] at 2.

On February 21, 2024, the hearing commenced as scheduled and counsel for all Defendants were present at the hearing. After a 20-minute grace period along

---

[1] An Omnibus Hearing operates as a *Spears* Hearing, *see Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), as well as a scheduling, discovery, status, and pre-trial conference under Fed. R. Civ. P. 16.

with the Court Security Officer calling Plaintiff's name three times in the corridor outside of the courtroom and checking for anyone that may be Plaintiff, the Plaintiff was not found.  Plaintiff did not appear for the hearing as ordered nor did he contact the undersigned's chambers regarding his failure to appear.

## II.  DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders.").  The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.  "[T]rial courts must be allowed leeway in the difficult task of keeping their dockets moving.  Failure to attend a hearing is a critical default." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (affirming sua sponte dismissal of former prisoner's pro se civil action for his failure to appear at a status conference).

Plaintiff last took action in this case when he filed a Response [8] on February 13, 2023.  Plaintiff did not appear at the February 21, 2024 hearing.

Plaintiff has not contacted the Court to inquire about this case or to supply his current address. The Court warned Plaintiff on no less than nine occasions that his failure to comply with a court order or his failure to supply a current address could result in the dismissal of this case. *See* Orders [18],[13],[11],[10],[7],[6],[4],[3]; Not. of Assign. [1-2]. Plaintiff's inaction represents a clear record of delay.

The Court has employed lesser sanctions than dismissal in the form of numerous warnings that Plaintiff's failure to keep the Court informed of his current address or his failure to comply would result in the dismissal of this case. The Court's repeated warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile." *Vafaiyan v. Target*, 251 F. App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Additionally, there is nothing in the record to suggest that further warnings will be effective. It is apparent that Plaintiff no longer wishes to pursue this lawsuit. Dismissal without prejudice is warranted.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this civil action be dismissed, without prejudice, for Plaintiff's failure to prosecute.

## IV. NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections

to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

This the 26th day of February, 2024.

s/ *LaKeysha Greer Isaac*
UNITED STATES MAGISTRATE JUDGE